Aisha KELLY, Plaintiff–Appellant,

v.

MEDICAL COLLEGE OF OHIO, Deb Heineman, and Robert Crissman, Defendants–Appellees.

No. 00–4492.

United States Court of Appeals, Sixth Circuit.

July 9, 2002.

Before KEITH and DAUGHTREY, Circuit Judges, and MARBLEY,* District Judge.

PER CURIAM.

The plaintiff, Aisha Kelly, a former medical student at the defendant Medical College of Ohio, appeals the district court's order dismissing this action pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim on which relief could be granted. Kelly's complaint alleged violations of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681; the Women's Educational Equity Act of 1994, 20 U.S.C. § 7231; and 42 U.S.C. § 1983. The plaintiff also alleged intentional infliction of emotional distress based on Ohio state law.

The complaint alleged that the college and several individual professors had discriminated against the plaintiff as a "single mother" and as the mother of a child with special medical needs by failing to provide her with adequate financial support and study time to make obtaining a medical degree feasible. She also sought review of failing grades that she received in some of her classes. The district court held that the Title IX claim could not be maintained because women with children, even those with "special needs children," are not members of a protected class, and because such an action cannot be maintained against individual defendants. The court held that the Women's Educational Equity Act claim could not be maintained because it had no provision for relief based on perceived gender discrimination. As to the § 1983 claim, the court held that the Medical College was entitled to Eleventh Amendment immunity as a state agency and that the individual defendants were protected from suit by the doctrine of qualified immunity. Finally, the court held that the state law claim was insufficiently pleaded.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order entered on October 23, 2000.